UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LLOYD BALFOUR,

    Petitioner,

v.                                                    CASE NO. 6:09-cv-999-Orl-36DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 7). Petitioner filed a reply (Doc. No. 12).

Petitioner alleges three claims for relief in his habeas petition: (1) the trial court erred by denying his motion for judgment of acquittal because the crime was not proved beyond a reasonable doubt; (2) trial counsel was ineffective for failing to object to the prosecutor's comment on his right to remain silent; and (3) trial counsel was ineffective for failing to advise him of the legal ramifications of swearing to material facts in a motion to dismiss. For the following reasons, the Court finds that Petitioner is not entitled to relief

on his claims.[1]

## I.  Procedural History

Petitioner was charged as a principal to home invasion robbery with a firearm. Prior to trial, defense counsel moved to dismiss the charge. The trial court denied the motion. The factual statements made by Petitioner in the motion to dismiss were admitted at trial. After the jury trial, Petitioner was convicted as charged. The state trial court sentenced Petitioner to a twelve-year term of imprisonment. On appeal, the Florida Fifth District Court of Appeal affirmed *per curiam*.

On February 23, 2007, Petitioner filed a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure, alleging five grounds for relief. The state trial court held an evidentiary hearing on grounds four and five, after which it denied the post-conviction motion. Petitioner appealed, and the Fifth District Court of Appeal affirmed *per curiam*. The instant federal habeas corpus petition follows.

## II.  Legal Standards

### A.  Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[1] In his reply Petitioner concedes that he is not entitled to relief on grounds one and two (Doc. No. 12 at 1-2). Therefore, the Court will only address the merits of ground three.

>   (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Brown v. Patton*, 544 U.S. 133, 141 (2005); *Price v. Vincent*, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. *Ferguson v. Calliper*, 527 F.3d 1144, 1146 (11th Cir. 2008).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. *Carey v. Musladin*, 549 U.S. 70, 74 (2006)(citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "[T]o be 'contrary to' clearly established federal law, the state court must either (1) apply a rule that contradicts the governing law set forth by Supreme Court case law, or (2) reach a different result from the Supreme Court when faced with materially indistinguishable facts." *Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010) (internal quotations and citation omitted); *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003). A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, *Brown*, 544 U.S. at 134; *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Bottoson*, 234 F.3d at 531 (quoting *Williams*, 529 U.S. at 406). The

"unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-77 (2003) (citation omitted); *Mitchell*, 540 U.S. at 17-18; *Ward*, 592 F.3d at 1155.

### B. *Standard for Ineffective Assistance of Counsel*

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). *Newland v. Hall*, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. *Newland*, 527 F.3d at 1184. In *Strickland*, the Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[2] *Strickland*, 466 U.S. at 687-88; *see also Bobby Van Hook*, 130 S. Ct. 13, 16 (2009). A habeas court's review of a claim under the *Strickland* standard is "doubly deferential." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (April 4, 2011) (quoting *Knowles v. Mirzayanze*, 129 S. Ct. 1411, 1420 (2009)(citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that

---

[2]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

counsel make objectively reasonable choices." *Bobby Van Hook*, 130 S. Ct. at 17 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." *Jones v. Campbell*, 436 F.3d 1285, 1293 (11th Cir. 2006), *cert. denied sub nom. Jones v. Allen*, 127 S. Ct. 619 (2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (quoting *Strickland*, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. *Id.* A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. *Ladd v. Jones*, 864 F.2d 108, 109-10 (11th Cir.), *cert. denied sub nom. Ladd v. Burton*, 493 U.S. 842 (1989); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)).

### III.   *Analysis*

Petitioner alleges in claim three that trial counsel was ineffective for failing to advise him of the legal ramifications of swearing to the facts pled in the motion to dismiss the charge. Specifically, Petitioner contends that trial counsel did not advise him that he would

be bound to the facts that were sworn to in the motion to dismiss. Petitioner states that he was never advised, prior to signing the motion to dismiss, that he should carefully read and edit the motion for factual inaccuracies. Petitioner notes that motion contained factual inaccuracies that were used against him by the State after the trial court admitted the motion at trial as a self-authenticating document. Finally, Petitioner asserts that he would not have signed the motion to dismiss had counsel advised him of the ramifications of swearing to such a document.

Petitioner raised this claim in his Rule 3.850 motion for post-conviction relief (App. P at 11-13). The state trial court determined that an evidentiary hearing was warranted on this claim (App. S). At the hearing, Petitioner testified that defense counsel Shannon Baruch ("Baruch") did not discuss the motion to dismiss with him and did not advise him of the legal ramifications of filing such a motion (App. T at 7-8). Petitioner told the court that he received the motion in the mail and attached to it was a yellow piece of paper indicating that he should sign the motion and send it back to Baruch as soon as possible. *Id.* at 8. According to Petitioner, Baruch did not advise him to read the motion before signing it, nor did counsel advise him that he would be bound to the facts stated in the motion. *Id.* Petitioner testified that he could never "get in touch" with Baruch when he tried to call him. *Id.* Petitioner stated that he did not swear to the motion. *Id.* at 8-9. Marissa Balfour, Petitioner's wife, testified that she contacted Baruch more than three times for Petitioner, but Baruch told her not to worry, that everything would be fine. *Id.* at 15-16.

Baruch testified that he visited Petitioner at the jail on at least three occasions. *Id.*

6

at 19.  Baruch recalled visiting Petitioner once on September 14, 2004, for one hour and twenty minutes.  *Id.* During that visit Baruch discussed the facts of the case and any legal defenses that Petitioner might have.  *Id.*  Baruch also visited Petitioner on September 29, 2004, for two hours and thirty-five minutes, at which time he discussed the case and police report, took a detailed factual statement from Petitioner, and discussed filing a motion to dismiss the information.  *Id.*  Baruch took notes of Petitioner's version of events and much of what he wrote down was verbatim what Petitioner told him.  *Id.* at 21.  Baruch testified that he prepared the motion to dismiss based on the version of events that Petitioner related to him prior to trial.  *Id.*  at 19.  Baruch was convinced of Petitioner's innocence, therefore, he went forward with the motion to dismiss, which was drafted based on Petitioner's statements to counsel.  *Id.* at 20-21.  Baruch advised Petitioner of the ramifications of the motion, including the fact that if the motion was not successful, the facts could be used against him at trial. *Id.* at 20.  Baruch thought Petitioner understood the ramifications.  *Id.*  Moreover, Baruch noted that Petitioner signed the statement under penalty of perjury.  *Id.*

Baruch also testified that Petitioner never indicated that he wished to testify at trial. *Id.* at 21.  Baruch discussed testifying with Petitioner and recommended that he not testify because Petitioner would not be a strong witness.  *Id.*  However, Baruch ultimately left the decision to testify up to Petitioner.  *Id.* at 21-22. On cross-examination, Baruch testified that while he could not be sure whether Petitioner read the motion, he thought that Petitioner did read the motion because he directed Petitioner to read the motion.  *Id.* at 25.  Baruch

also reiterated that the motion was based on Petitioner's detailed factual statements made to him during the jail visits. *Id.*

After hearing the testimony, the state court denied Petitioner's claim, finding Baruch's testimony was more credible than Petitioner's testimony (App. T at 32). In a subsequent written order, the state court noted that it was denying relief pursuant to *Strickland* because Baruch testified that he discussed the contents of the motion to dismiss with Petitioner and based the motion on information Petitioner had provided to him (App. V at 3). Moreover, the court found that Baruch advised Petitioner of the implications of the motion to dismiss, including the fact that it could be used against him at trial. *Id.* The Fifth District Court of Appeal affirmed *per curiam* (App. BB).

The record supports the state trial court's finding that Baruch did not act deficiently in this case. Baruch unequivocally testified that he discussed filing a motion to dismiss the information with Petitioner and that he advised Petitioner of the legal ramifications of filing such a motion, including the fact that Petitioner would later be bound by the factual statements made therein. Moreover, Baruch stated that he drafted the motion based on Petitioner's statements made to him during his visits to the jail. Baruch also testified that he told Petitioner to read the motion. Furthermore, Petitioner signed the motion to dismiss under penalty of perjury. While Petitioner did not have the motion to dismiss notarized, Florida courts allow documents to be sworn by an unnotarized oath made under penalty of perjury. *See Armey v. State*, 880 So. 2d 1269, 1269 (Fla. 2d DCA 2004) (citing *State v. Shearer*, 628 So. 2d 1102 (Fla. 1993) and Fla. Stat. § 92.525)). Finally, counsel noted that

8

Petitioner never stated he wished to testify and made the decision to forego testifying at trial on the advice of counsel.

Although Petitioner argues that the state court's determination was unreasonable in light of the evidence presented, the state court found Baruch's testimony to be credible. This Court must accept the state court's credibility determination. *See*, *e.g.*, *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [counsels'] testimony over [petitioner's]."). Additionally, the state court's factual findings are presumed correct, and Petitioner has not rebutted those findings by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Parker v. Head*, 244 F.3d 831, 835-36 (11th Cir. 2001). Petitioner has not demonstrated that the state court's determination was contrary to, or involved an unreasonable application of federal law, nor has he shown that the state court's denial of this claim resulted in an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). Accordingly, this claim is denied pursuant to § 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV.   *Certificate of Appealability*

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of

a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances. The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Lloyd Balfour (Doc. No. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 2nd day of May, 2012.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-3 5/2
Counsel of Record
Lloyd Balfour